IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADAM SALERNO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cv-02263 |
| W.A. IMPORTS, INC., | ) ) Judge John F. Kness |
| Defendant. | ) ) ) |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS COUNT II OF THE COMPLAINT**

The issue here is whether Plaintiff may maintain a Title VII retaliation claim for not investigating Plaintiff's prior discrimination complaint. Because the law is clear that this is not an adverse employment action, which is a necessary element of a retaliation claim, Count II of the Complaint should be dismissed.

**BACKGROUND**

According to the Complaint, Plaintiff applied for employment but Plaintiff claims that he was told that he would not be offered the position because he is male. *Id.* at ¶¶14-15. Plaintiff claims that he complained that the decision was discriminatory, but that the Company did not investigate his claim. *Id.* at ¶¶16, 29-30. According to Plaintiff, "by virtue of the foregoing, Defendant retaliated against Plaintiff." *Id.* at ¶31. Plaintiff then filed this action; Count I alleges gender discrimination (which is not at issue in this Motion) and Count II alleges retaliation, both in violation of Title VII.

**DISCUSSION**

**I.   Legal Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, courts must dismiss a

complaint if the well-pleaded allegations fail "to state a claim for relief that is plausible on its face." *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). To withstand a Rule 12(b)(6) motion, Plaintiff's factual allegations must plausibly suggest that he is entitled to relief, "raising that possibility above a 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (*citing Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Allegations that amount to nothing more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## II. Count II Does Not Plausibly Allege a Title VII Retaliation Claim

### A. *Elements of a Title VII Retaliation Claim*

In order to maintain a Title VII retaliation claim, a plaintiff would have to show, under the direct method,

> that (1) she engaged in statutorily protected activity, (2) she was subject to an <u>adverse employment action</u>, and (3) there was a causal link between the protected activity and the employment action. Under the indirect method, Kuhn must first demonstrate that (1) she engaged in a statutorily protected activity, (2) she was meeting United's legitimate expectations, (3) she suffered an <u>adverse employment action</u>, and (4) she was treated less favorably than a similarly situated employee who did not engage in the statutorily protected activity. *Kuhn v. United Airlines*, 63 F. Supp 3d 796, 801 (N.D. Ill. 2014) (citations omitted, emphasis added).

Obviously, the existence of an adverse employment action is key to a retaliation claim. Thus, it "suffices to plead a plausible claim when the plaintiff alleges that she was subject to an identified adverse employment action … for engaging in protected activity." *Rosa v. Bd. of Trustees of the Univ. of Illinois*, No. 18-cv-8477, 2020 U.S. Dist. LEXIS 233266 *13 (N.D. Ill. Dec. 11, 2020).

2

"A materially adverse employment action is one where the plaintiff suffers "a significant change in employment status." *Boss v. Castro*, 816 F.3d 910, 917 (7th Cir. 2016). In other words, "an employer's action will be actionable … if it would have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Whittaker v. Northern Ill. Univ.*, 424 F.3d 640, 648 (7th Cir. 2005); *see also Robertson v. Wis. Dep't of Health Servs.*, 949 F.3d 371 (7th Cir. 2020). Thus, Title VII "protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Outley v. City of Chicago*, 354 F. Supp. 3d 847, 869 (N.D. Ill. January 11, 2019), citing *Burlington N. and Santa Fe Ry. Co. v. White,* 548 U.S. 53, 67 (2006). "Not everything that makes an employee unhappy qualifies as an adverse action for Title VII." *Rhodes v. IDOT*, 359 F.3d 498, 505 (7th Cir. 2004).

B. *Plaintiff's Retaliation Claim Does Not Satisfy that Standard*

Count II of the Complaint alleges that Defendant did not investigate his claim of discrimination about not offering him the job. Other than not getting the job (which decision had already been made), there is no suggestion of any other issues or harm, and the no-investigation claim simply does not plausibly allege a materially adverse employment action, and without that, there can be no Title VII retaliation claim. *E.g. Rosa*, 2020 U.S. Dist. LEXIS 233266 at *33-34 (dismissing retaliation claim because inadequate investigation was not a "materially adverse action on which a Title VII retaliation claim may rest").

The *Kuhn* case is a good example. The plaintiff there alleged that she complained about discrimination and the court first noted that:

> the Seventh Circuit has not specifically addressed whether this qualifies as an adverse employment action. But the Second and Tenth Circuits have held that failure to investigate a complaint, where the protected activity at issue is the making of the same complaint, does not constitute an adverse action" …. because "a failure to investigate a complaint, unless it leads to demonstrable harm, leaves

3

an employee no worse off than before the complaint was filed." 63 F. Supp. 3d at 802-2.

In *Clemmer v. Ofc of the Chief Judge*, No. 06 C 3361, 2008 U.S. Dist. LEXIS 109595 *51 (N.D. Ill. Dec. 2, 2008), the court dismissed a Title VII retaliation claim, holding, "Clemmer may have preferred her employer to do more in its investigation, but its failure to conduct an inquiry to her satisfaction does not constitute an adverse action." In *Daniels, v. UPS*, 701 F.3d 620, 640 (10th Cir. 2012), the court explained that "adopting a contrary rule and finding a failure to investigate establishes a prima facie case of retaliation would open employers to retaliation claims even where they failed to investigate because of a good faith belief the complaint was meritless." *See also Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010) ("at least in a run-of-the-mine case such as this one, an employer's failure to investigate a complaint of discrimination cannot be considered an adverse employment action taken in retaliation for the filing of the same discrimination complaint").

The bottom line here is that as plead in Count II of the Complaint, Plaintiff's retaliation claim is exactly the situation *Daniels* warned about. While Plaintiff alleges that he suffered an adverse employment action (not being hired) because of his gender, he has not alleged a materially adverse employment action arising from his claim that there was no investigation. There are no special circumstances alleged that would make this claim plausible, and allowing this claim would mean that in every discrimination claim there would also be an independent retaliation claim unless the employer investigated the discrimination claim to the plaintiff's satisfaction, and, presumably, also resolved the discrimination claim to the plaintiff's satisfaction. That simply is not, and cannot be the law. Accordingly, Count II of the Complaint should be dismissed.

WHEREFORE, W.A. Imports, Inc. respectfully requests that this Honorable Court enter

4

an order dismissing Count II of the Complaint and granting such further and additional relief as the Court deems just and proper.

Dated:  May 22, 2023                                              W.A. IMPORTS, INC.

                                                                                  By:     /s/Jeffrey S. Fowler
                                                                                              One of Its Attorneys

Jeffrey S. Fowler (6205689)
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
jfowler@lanermuchin.com

5

**CERTIFICATE OF SERVICE**

    I, Jeffrey S. Fowler, an attorney, hereby certifies that on May 22, 2023, I caused a copy of the foregoing **Memorandum in Support of Defendant's Motion to Dismiss Count II of the Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

        Alexander J. Taylor
        Sulaiman Law Group Ltd.
        2500 S. Highland Avenue, Suite 200
        Lombard, Illinois 60148
        (331) 272-1942
        ataylor@sulaimanlaw.com

        /s/ Jeffrey S. Fowler
        Jeffrey S. Fowler